BLANK ROME, LLP
Attorneys for Plaintiff
TRANS POWER CO. LTD.
Jack A. Greenbaum (JG 0039)
The Chrysler Building
405 Lexington Ave.
New York, NY 10174-0208
(212) 885-5000



08 CV 02055

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TRANS POWER CO. LTD.,

    Plaintiff,

-against-

LMJ INTERNATIONAL LIMITED,

    Defendant.

08 Civ.

**VERIFIED COMPLAINT**

Plaintiff, TRANS POWER CO. LTD. ("Plaintiff"), by its attorneys Blank Rome, LLP, complaining of the above-named Defendant, LMJ INTERNATIONAL LIMITED ("Defendant"), alleges upon information and belief as follows:

1. This is a case of admiralty and maritime jurisdiction, as hereinafter more fully appears, and is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. The Court has admiralty jurisdiction under 28 U.S.C. §1333.

2. At all material times, Plaintiff was and now is a foreign corporation with no place of business in this District.

3. At all material times, Defendant was and is a foreign corporation with its offices at 30 Jawaharlal Nehru Road, Block C, 2nd Floor, Kolkataa 700016, India, and no office or place of business in this Judicial District.

900200.00001/6620486v.1

2

4.     On or about April 20, 2007, Plaintiff, as owner of the M/V VANLEE ("the Vessel"), entered into a charter party ("the Charter") with Defendant, as Charterer, for the carriage of a cargo of bulk iron ore from Haldia and Paradip, India to one port in China.

5.     The Charter provided that Defendant would pay Plaintiff demurrage if the Vessel remained in port longer than a specified amount of time, and demurrage charges of US$213,316.29 were incurred pursuant thereto.

6.     Plaintiff performed all obligations required of it under the Charter, but Defendant has failed to pay the aforesaid charges, despite due demand, and is liable to Plaintiff for the sum of US$213,316.29.

7.     The Charter provides for the arbitration of disputes in Hong Kong, and Plaintiff reserves its right to arbitrate its claims, pursuant to 9 U.S.C. § 8 and has in fact commenced arbitration.

8.     Arbitrators in Hong Kong routinely award interest, arbitrators' fees, and legal fees and costs to the successful party.

9.     Plaintiff estimates it will recover interest of at least US$34,178 at a rate of 7.5% compounded quarterly for a period of two years, and arbitral and legal costs of at least US$100,000.

10.    The total amount for which Plaintiff seeks issuance of Process of Maritime Attachment and Garnishment herein is **US$347,494.29**.

311510.1
900200.00001/6620486v.1

2

11.     Defendant cannot be found within this district within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but Defendant is believed to have or will have during the pendency of this action, assets within this district consisting of cash, funds, freight, hire credits in the hands of garnishees in this District, including but not limited to electronic fund transfers.

**WHEREFORE**, Plaintiff prays:

A.      That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Complaint;

B.      That since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all of Defendant's tangible or intangible property or any other funds held by any garnishee in the District which are due and owing or otherwise the property of to the Defendant up to the amount of **US$347,494.29** to secure the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

C.      That this Court award Plaintiffs their damages or retain jurisdiction over this matter through the entry of a judgment on the Hong Kong arbitration award.

D.   That Plaintiff may have such other, further and different relief as may be just and proper.

Dated:  New York, NY
        February 29, 2008

Respectfully submitted,
BLANK ROME, LLP
Attorneys for Plaintiff
TRANS POWER CO. LTD.

By _____
Jack A. Greenbaum (JG 0039)
The Chrysler Building
405 Lexington Ave.
New York, NY  10174-0208
(212) 885-5000
tbelknap@blankrome.com
jgreenbaum@blankrome.com

## VERIFICATION

STATE OF NEW YORK         )
                          : ss.:
COUNTY OF NEW YORK        )

Jack A. Greenbaum, being duly sworn, deposes and says:

1. I am a member of the bar of this Honorable Court and of the firm of Blank Rome LLP, attorneys for the Plaintiff.

2. I have read the foregoing Complaint and I believe the contents thereof are true.

3. The reason this Verification is made by deponent and not by Plaintiff is that Plaintiff is a foreign corporation, no officer or director of which is within this jurisdiction.

4. The sources of my information and belief are documents provided to me and statements made to me by representatives of the Plaintiff.

Jack A. Greenbaum

Sworn to before me this
29th day of February, 2008

Notary Public

KARL V. REDA
Notary Public, State of New York
No. 30-4783126. Qual. in Nassau Cty.
Certificate Filed in New York County
Commission Expires Nov. 30, 2009

311510.1
900200.00001/6620486v.1                5

2

2. Defendant is a party to a maritime contract of charter party and is a foreign corporation with offices at 30 Jawaharlal Nehru Road, Block C, 2nd Floor, Kolkataa 7000016, India, and no office or place of business in this Judicial District.

3. Under my supervision, my office did a search of the New York State Secretary of State, Division of Corporations, the Transportation Tickler, telephone assistance, and a general internet search.

4. In our search, we did not find any listing or reference to Defendant in this judicial district or the state of New York. In the circumstances, I believe Defendant cannot be found within this district.

_____
JACK A. GREENBAUM

Sworn to before me this
29th day February, 2008

_____
Notary Public

KARL V. REDA
Notary Public, State of New York
No. 3R-4783176 [...] in Nassau Cty.
Certificate F[...] [...] York County
Commission Ex[...]
NOV 30, 2009

900200.00001/6620517v.1

2